# United States District Court
## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

DARREN DEON JOHNSON

ORDER OF DETENTION PENDING REVOCATION HEARING

Case Number: __1:04-CR-219__

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C.§3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
    - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Uncontradicted evidence from 3 Grand Rapids Police officers and a federal court probation officer established that defendant's ex-girlfriend (Fleming) was awakened at 5 or 5:30 in the morning to a hard slap in the face and a brutal beating of her body that left contusions on her face, neck, arm and leg. The bruises were confirmed by photos. Her assailant was her ex-boyfriend who had entered her home unannounced and who demanded to have sex with her. She tried to fight him off but he was able to pull off her (continued on attachment)

## Part II - Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that there is any condition or combination of conditions that will assure the safety of the witness in this case pending resolution of the matter before the district judge. Probable cause established both a physical and sexual attack on the victim, who remains at risk because of defendant's apparent obsession to be with her or to control her.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 2, 2009

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Darren Deon Johnson
1:04-CR-219
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) - (continued)**

pajama bottoms and had sex with her while she was on her back and on her stomach. This occurred on a couch in her living room. A photograph showed the couch, although not moved, and the immediate area to be in a total state of disarray (but the rest of the house was pretty much a mess too). When defendant left to use the bathroom or take a shower, Fleming pulled on her pants, grabbed her keys, and fled to a friend's home. The defendant was subsequently spotted in a car outside of the friend's home. Defendant also tried to call the victim repeatedly after the alleged attack.

The police were called to the friend's home, and they called a medical unit. Fleming was subsequently taken to the hospital by her friend where she was examined for what the doctor characterized as bruises that were "quite substantial." There were no broken bones. Upon her release from the hospital, Fleming went to the YMCA to give a rape kit, which has been turned over to the Michigan State Police crime lab, but due to a heavy backlog has not been processed.

There were two entrances to the apartment, and upon inspection by the police after the fact, both were found to be unlocked and neither evidenced a break-in.

Following her various medical examinations, the victim decided she did not want to pursue the matter because she said she had cared for defendant and thought he needed help. When she subsequently realized he was up to what has been characterized as his previous controlling behavior, she once again approached the authorities and has continued since that time to press charges. Formal charges of CSC 1st degree and home invasion first degree have now been issued against the defendant by the state authorities.

Defendant offered no defense to the allegations.

**Part II - Written Statement of Reasons for Detention - (continued)**