UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 1:04-CR-219

DARREN DEON JOHNSON,                 HON. GORDON J. QUIST

    Defendant.
_____/

## **OPINION**

Defendant, Darren Johnson, has filed a motion for permission to file a tardy motion pursuant to 28 U.S.C. § 2255. On March 5, 2009, the Court entered a Judgment revoking Defendant's term of supervised release and sentencing Defendant to thirty-six months imprisonment. Defendant did not appeal the Judgment. Consequently, the one-year period of limitation for Defendant to file a § 2255 motion expired on March 5, 2010. 28 U.S.C. § 2255(f)(1). Thereafter, Defendant filed the instant motion requesting that the Court grant him permission, based upon the doctrine of equitable tolling, to file a late § 2255 motion. Defendant did not file a proposed § 2255 motion along with his instant motion.

In circumstances similar to those in this case, courts have held that they lack jurisdiction to consider a request for an extension of time to file a § 2255 motion where the defendant has not yet filed such a motion. *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). *See also United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005); *In re Application of Wattanasiri*, 982 F. Supp. 955, 957-58 (S.D.N.Y. 1997); *United States v. Ailsworth*, No. 94-40017-01-SAC, 1999 WL 1021073, at *2 (D. Kan. Sept. 29, 1999). However, a court may treat a motion for an extension of

time as an actual § 2255 motion if the motion seeking an extension of time contains sufficient allegations to support a claim under § 2255. *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). In this case, Defendant's motion contains sufficient allegations to support a claim under § 2255. That is, Defendant's one and only claim is that his counsel was ineffective for failing to file a notice of appeal after Defendant told his counsel that he wished to appeal the March 5, 2009, Judgment. Whether Defendant should be permitted to proceed with his § 2255 motion thus boils down to whether the doctrine of equitable tolling applies in this case.

The Sixth Circuit has held that the doctrine of equitable tolling is applicable to § 2255 motions. *See Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001) (holding that § 2255(f) is not jurisdictional in nature and that equitable tolling is available). Pursuant to the doctrine of equitable tolling, a court may excuse late-filed habeas claims in appropriate circumstances. *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005)). Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The doctrine is "used sparingly by federal courts. 'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'" *Jurado v. Burt*, 337 F.2d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)) (citations omitted). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).

In determining whether to apply equitable tolling, a court should consider the following factors: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Solomon v. United States*, 467 F.3d 928, 923 (6th Cir. 2006) (citing *Dunlap*, 250 F.3d at 1008). These factors are not necessarily comprehensive, nor is each factor relevant in every case. *Id.*

Defendant argues that the first and second factors weigh in favor of applying equitable tolling because Defendant is neither an attorney nor trained in the law and he lacked actual and constructive knowledge or notice that the limitations period for a § 2255 motion was running at the time he believed his appeal was pending. Defendant asserts that he was relying on his counsel to follow through on his representation that he would file a notice of appeal and, because his counsel led him to believe that an appeal had been filed, he had no reason to look beyond a direct appeal. To the extent Defendant relies upon his own lack of familiarity with the limitations period to show that he is entitled to equitable tolling, he must present more compelling circumstances because "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

In the Court's judgment, the critical factor in this case is the third factor, which focuses upon whether the party seeking to invoke equitable tolling diligently pursued his rights. Defendant's own allegations demonstrate a complete lack of diligence, notwithstanding his reliance upon his counsel's representation that he would file an appeal. The Judgment revoking supervised release was entered on March 5, 2009. Defendant states that after he was designated to be housed at U.S.P. Marion, he attempted to contact his counsel through correspondence on several occasions regarding

3

the status of the appeal, but his counsel never responded. Although Defendant does not state when he contacted the Sixth Circuit about his appeal, the October 15, 2010, response from the Clerk's Office confirming no record of his appeal suggests that Defendant probably inquired around October 1, 2010 – more than eighteen months after this Court entered the Judgment. In *Anjulo-Lopez v. United States*, 541 F.3d 814 (8th Cir. 2008), the Eighth Circuit held, under circumstances similar to those in this case, that the petitioner was not entitled to equitable tolling. In *Anjulo-Lopez*, the petitioner alleged that his counsel was ineffective for failing to file a direct appeal despite his request that his counsel do so. The petitioner alleged that: (1) he was not able to communicate with anyone during the five months following his sentencing due to repeated transfers; (2) he believed that an appeal was filed and he simply needed to wait; (3) after a while he began to suspect that no appeal had been filed and he sent certified letters to his counsel requesting copies of the record; (4) his counsel sent him copies of the Judgment and commitment Order; and (5) by the time the petitioner attempted to contact his attorney, the filing date for his § 2255 motion had passed. *Id.* at 818. The court noted that the petitioner's allegations failed to demonstrate diligence because he waited a year to even contact his attorney. *Id.* at 818-19. The court further observed:

> Moreover, there is every reason to believe that more prompt action on Anjulo-Lopez's part would have revealed counsel's failure to notice an appeal more than one year before he filed his motion. That an appeal had not been filed was a matter of public record. And we think it clear from the face of the motion and record here that a duly diligent person in Anjulo-Lopez's circumstances could have unearthed that information anytime after the deadline for filing the appeal passed.

*Id.* at 819. Similarly, Defendant's allegations in this case show a lack of diligence. Although Defendant does not state when he attempted to contact his counsel, counsel's lack of a reasonably prompt response should have alerted Defendant to the real possibility that his counsel had not filed an appeal. Moreover, Defendant's own actions in contacting the Sixth Circuit show that he could

4

have acted sooner to confirm whether or not his counsel had filed the appeal. As the Eighth Circuit observed in *Anjulo-Lopez*, it was a matter of public record that an appeal had not been filed. *Id.* Thus, Defendant's counsel's conduct could not have prevented Defendant from diligently pursuing his rights. *See Leite v. United States*, Nos. 1:10cv87, 1:07cr36, 2010 WL 3122636, at *4 (W.D.N.C. Aug. 9, 2010) (holding that equitable tolling was not appropriate because "[h]ad the Petitioner exercised due diligence, he would have discovered that his attorney did not file an appeal long before the expiration of the one year deadline"); *Thomas v. Johnson*, No. 3:09cv7, 2009 WL 3055323, at *5 (E.D. Va. Sept. 23, 2009) ("With due diligence, a reasonable petitioner could have timely discovered no appeal had been filed prior to August 31, 2007."). In short, Defendant has failed to show that he exercised due diligence or that some extraordinary circumstance precluded him from filing a § 2255 motion within the one-year period.

Defendant also contends that the government would not be prejudiced by the application of equitable tolling. Even so, lack of prejudice is not an independent basis for applying equitable tolling, especially where the party seeking its application has failed to demonstrate diligence. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 1726 (1984). Finally, in light of the discussion above, Defendant did not act reasonably in remaining ignorant of the one-year limitation period for filing his § 2255 motion. As mentioned, when Defendant's counsel failed to respond to inquiries regarding the status of the appeal, Defendant should have taken action to confirm whether his counsel had actually filed an appeal. Waiting eighteen months to do so was not reasonable. Therefore, the Court will deny Defendant's motion to file a tardy § 2255 motion, which the Court construes as a § 2255 motion.

Having concluded that Defendant is not entitled to equitable tolling, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A

certificate should issue if Defendant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court concludes that reasonable jurists could not find this Court's conclusion that Defendant is not entitled to equitable tolling debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability.

A separate Order and Judgment will issue.


Dated: April 14, 2011                                         /s/ Gordon J. Quist
                                                                                                        GORDON J. QUIST
                                                                                  UNITED STATES DISTRICT JUDGE